KJELLSEN and wife, Plaintiffs, v. STONECREST, INC., Defendant and Appellant: PITEK and another, d/b/a ANKLAM REAL ESTATE, Third-Party Defendants and Respondents.

*No. 223. Argued April 2, 1970.——Decided April 28, 1970.*
(Also reported in 176 N. W. 2d 321.)

For the appellant there was a brief and oral argument by *Jerome A. Maeder* of Wausau.

For the respondent Kenneth Pitek there was a brief by *Larry W. Rader* of Wausau, and for the respondent

William Anklam by *Schmidt & Schmidt* of Wausau, and oral argument by *Mr. Rader* and *Mr. Peter K. Schmidt.*

CONNOR T. HANSEN, J. The trial court held that the appellant did not have standing to seek indemnification from the respondent:

"With respect to the first cause of action alleging breach of an implied warranty, if there is such an implied warranty of fitness in connection with the real estate transaction, then the owner and seller would be liable for the breach thereof.

"If the defendant in this instance, who was the seller, should be held liable to the plaintiffs on the first cause of action which alleges a breach of implied warranty, the said defendant would not be indemnified by its agent, the third-party defendants, for damages resulting from its own malfeasance.

"The complaint states that the defendant was negligent in the construction of the building in question. There is no claim in the pleadings that the third-party defendants had anything to do with the construction of the building and, therefore, they cannot be held liable for any damages resulting from any such negligence.

"With respect to the third cause of action, there are no allegations in the complaint or in the third-party complaint that alleges facts that would constitute a cause of action against the said third-party defendants. There is no claim that the said third-party defendants made any misrepresentation of facts, which is a necessary element of fraud. Any allegations of concealment or actual fraud on the part of the third-party defendants are with respect to matters as well known by the defendant as by the third-party defendants.

"If the conduct on the part of the third-party defendants or their concealment of facts known to them when they had a duty to inform the plaintiffs with respect thereto could be held to be fraudulent, then on the basis of the allegations of the third-party complaint it must follow that the defendant was the party who actually perpetrated the fraud.

"Under such circumstances to require third-party defendants to indemnify the defendant for damages resulting from its own wrongdoing, would be inequitable. Defendant cannot be indemnified for damages resulting from its own wrongdoing."

Little needs to be added to this decision by the trial court. Appellant does not argue that it did not owe plaintiffs a duty to disclose hidden defects in the house, rather, its claim to indemnity is premised on respondents' knowing of the defects and having a duty to disclose the true condition of the house since respondents, and not appellant, were in control of all negotiations and contacts with plaintiffs. Paragraph 10 of the amended third-party complaint alleges:

"10. That before the sale of said home to the plaintiffs and at all times material hereto the defendant, Kenneth Petik [sic], knew that said basement referred to in complaint was vacant and was uncovered for sometime before the construction of the home thereof and before the sale of the home to the plaintiffs and knew that the backplastering on the walls of said basement covered cracks in the basement and that if said Kenneth Petik failed to tell the plaintiffs about this condition and if there was any suppression of this fact and if such constituted fraud, then such fraud was committed by said Kenneth Petik and not by this defendant and said knowledge and acts of the said Kenneth Petik were imputable to the defendant, Anklam Real Estate, the said Kenneth Petik being the agent of said defendant at such times as are material hereto as this defendant is informed and verily believes."

However, there is no allegation by appellant that it disclosed the alleged defects in the house to *anyone,* either respondents or plaintiffs. Thus, in order to uphold defendant's argument this court would have to assume that respondents, engaged only to sell the house, knew as much as a building contractor concerning the construction and repair of a home and the hidden and latent defects in it. Indemnity, which is now sought by appellant, is based primarily on equity:

"Although it has been said that the right to indemnity springs from a contract, express or implied, the modern cases note that contract furnishes too narrow a basis, and that principles of equity furnish a more satisfactory basis for indemnity. Thus, a right of indemnity has been said to exist whenever the relation between the parties is

such that either in law or in equity there is an obligation on one party to indemnify the other, as where one person is exposed to liability by the wrongful act of another in which he does not join. The rule proposed in the Restatement of Restitution makes no specific reference to contract and appears to be based on principles of equity; it provides that a person who, in whole or in part, has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other, is entitled to indemnity from the other, unless the payor (indemnitee) is barred by the wrongful nature of his conduct." 41 Am. Jur. 2d, *Indemnity,* p. 688, sec. 2.

"Dean Prosser has summarized with respect to the indemnity problem as follows:

" 'Probably, as is so often the case in the law of torts, no one explanation can be found which will cover all of the cases; and the duty to indemnify, like so many other duties, arises where community opinion would consider that in justice the responsibility should rest upon one tort-feasor rather than another.' " *Jacobs v. General Accident Fire & Life Assur. Corp.* (1961), 14 Wis. 2d 1, 11, 109 N. W. 2d 462.

Appellant has not directed this court's attention to any authority indicating that a party alleged to have perpetrated a fraud has been allowed indemnification against another party who furthers the fraud by remaining silent.

During oral argument, counsel for appellant contended that respondents had the same duty as appellant to disclose known, hidden defects in the house. Assuming the truth of that argument, it renders appellant and respondents *in pari delicto* and, therefore, neither is entitled to indemnification from the other.

The respondents respectfully request that they be awarded double costs because of the appellant's attempt to make them parties to the action for the apparent purpose of forcing them to accept some of the liability for the obligations for which it might become liable. The request for double costs is founded upon what they describe in detail as "a shotgun approach" to make the respondents parties to the action.

Sec. 251.23, Stats., provides for the awarding of double costs at the discretion of this court. In the exercise of this discretion, we are of the opinion that this is not a proper case in which to award double costs.

*By the Court.*—Order affirmed.