Richard J. REDA, and Terri J. Reda, Plaintiffs-Respondents,

v.

Richardo A. SINCABAN, and Virginia Sincaban, Defendants,

Richard KIESLING, and United Fire & Casualty Company, Defendants-Third Party Plaintiffs-Appellants,

FIRST REALTY GROUP, INC., Third Party Defendant.†

Court of Appeals

*No. 87–1142. Submitted on briefs March 23, 1988.—Decided May 19, 1988.*

(Also reported in 426 N.W.2d 100.)

† Petition to review denied.

For the defendants-third party plaintiffs-appellants the cause was submitted on the briefs of *Timothy J. Casper* and *Coyne & Niess Law Office,* of Madison.

For the plaintiffs-respondents the cause was submitted on the brief of *Bradley D. Armstrong* and *Michael J. Westcott,* and *Brynelson, Herrick, Bucaida, Dorschel & Armstrong,* of Madison.

Before Gartzke, P.J., Dykman and Sundby, JJ.

SUNDBY, J.   This case arises out of a real estate sale and purchase. Ricardo and Virginia Sincaban sold a residential parcel to Richard and Terri Reda through real estate agent Richard Kiesling. When the Redas discovered through a survey that the lot was substantially shorter than the length represented to them they sought and recovered damages from the Sincabans and Kiesling. Kiesling appeals from a judgment on a jury verdict in favor of the Redas. We affirm.

## I.

## THE ISSUES

We consider the issues to be: (1) Was expert testimony necessary to establish a standard of care to determine Kiesling's negligence or strict responsibility for misrepresentation? (2) Was the jury required to find that Kiesling's representations as to the dimensions of the lot were based on his own personal knowledge, or in circumstances in which he ought to have known the truth of his representations? (3) Does the comparative negligence statute, sec. 895.045, Stats., apply?

## II.

## EXPERT TESTIMONY

Kiesling contends that the Redas failed to meet their burden of proof by failing to establish a standard of care in negligence and strict responsibility for realtors and by failing to show by expert testimony that Kiesling violated that standard of care.

"A cause of action for misrepresentation can be based on intent, negligence, or strict responsibility." *Gauerke v. Rozga,* 112 Wis. 2d 271, 277, 332 N.W.2d 804, 807 (1983), citing *Whipp v. Iverson,* 43 Wis. 2d 166, 168 N.W.2d 201 (1969). The case as to Kiesling was submitted to the jury on all three theories. The jury found Kiesling liable for misrepresentation as to the lot size on grounds of strict responsibility and negligence.

■

Misrepresentation for which there is strict responsibility consists of five elements which must be

proved by the plaintiff: (1) that the defendant made a representation of fact; (2) that such representation of fact was untrue; (3) that the defendant made the representation as a fact based on his own personal knowledge, or in circumstances in which he necessarily ought to have known the truth or untruth of the statement; (4) that the defendant had an economic interest in the transaction; and (5) that the plaintiff believed such representation to be true and relied on it. Wis J I—Civil 2402. Only the Redas' proof as to the third element is disputed.

The policy behind strict responsibility for misrepresentation is set out in *Gauerke,* 112 Wis. 2d at 280, 332 N.W.2d at 808–09. As applicable to this case, strict responsibility applies in circumstances which "indicate that the speaker either had particular means of ascertaining the pertinent facts, or his position made possible complete knowledge and the statements fairly implied that he had it." *Id.,* 332 N.W.2d at 809. The policy is that the speaker ought to have known or else not to have spoken. *Id.*

The Wisconsin Supreme Court has adopted Prosser, *The Law of Torts,* sec. 107, at 712 (4th ed. 1971), as follows:

> It seems clear that, as in other cases of strict · responsibility, there is a more or less conscious policy of placing the loss upon the innocent defendant rather than the innocent plaintiff who has been misled, in cases where public opinion seems to call for such a result.

*Gauerke,* 112 Wis. 2d at 282, 332 N.W.2d at 809–10.

Kiesling's negligence is irrelevant to his strict responsibility. It is public policy, not negligence, which makes Kiesling responsible to the Redas for his

misrepresentation. Therefore, expert testimony was not necessary to establish a standard of care which Kiesling was required to meet and to determine whether he met that standard. In view of our conclusion, we need not decide whether expert testimony was necessary to establish Kiesling's standard of care upon a negligent misrepresentation theory. *See Sweet v. Berge,* 113 Wis. 2d 61, 67, 334 N.W.2d 559, 562 (Ct. App. 1983) (if we decide case on one issue, we need not reach other issues).

## III.

## "OUGHT TO HAVE KNOWN" STANDARD

Kiesling contends that in order to be liable under strict responsibility, he must have given the misinformation to the Redas of his own personal knowledge, or in circumstances under which he ought to have known the truth. He argues that therefore the standard of care is "ought to have known." We disagree.

The trial court gave the pattern instruction, Wis J I—Civil 2402. The jury was accordingly instructed that the third element of strict responsibility is "that the defendant made the representation as a fact based on his own personal knowledge, or in circumstances in which he necessarily ought to have known the truth or untruth of the statement."

The Redas were not required to prove that Kiesling "ought to have known" the lot size. They submitted evidence that he represented to them that he had personal knowledge of the lot size. Strict responsibility does not depend upon the source of the speaker's knowledge. *Gauerke,* 112 Wis. 2d at 280–81, 332 N.W.2d at 809. The third element is satisfied if the

speaker professes or implies personal knowledge. *Id.* at 281, 332 N.W.2d at 809.

Kiesling argues that as a matter of law he cannot be held strictly responsible for his misrepresentation as to the lot size because he did everything a reasonable and diligent realtor would have done to determine the dimensions of the lot. He contends that this is not a circumstance where he "ought to have known" the dimensions of the lot.

Kiesling misunderstands strict responsibility for misrepresentation. He seeks to incorporate into strict responsibility, intentional deceit or negligence. Neither applies.

Kiesling does not argue that he did not represent to the Redas the lot size as a fact within his personal knowledge. He wishes to be absolved from responsibility because he was a reasonable and diligent realtor in obtaining the fact. However, his responsibility is strict and does not depend on his reasonableness or diligence.

## IV.

### COMPARATIVE NEGLIGENCE

Kiesling argues that strict responsibility, like strict liability, is negligence and that such cases as *Collins v. Eli Lilly Co.,* 116 Wis. 2d 166, 198–99, 342 N.W.2d 37, 52–53, *cert. denied,* 469 U.S. 826 (1984), compel a comparison of the negligence of all the parties under sec. 895.045, Stats. We disagree.

Unlike strict responsibility, strict liability does not "impose absolute liability," *Dippel v. Sciano,* 37 Wis. 2d 443, 459–60, 155 N.W.2d 55, 63 (1967), but is more like negligence *per se. D.L. v. Huebner,* 110 Wis. 2d 581, 646, 329 N.W.2d 890, 920 (1983). Comparative

negligence is determined by the trier of fact because of the Wisconsin Supreme Court's "negligence per se" formulation of liability. *Collins,* 116 Wis. 2d at 199, 342 N.W.2d at 53. Comparative negligence is not, however, determined in absolute liability cases. *See D.L.,* 110 Wis. 2d at 646, 329 N.W.2d at 920.

An action for strict responsibility for misrepresentation is more akin to an absolute liability case than a strict liability case. As in an absolute liability case, contributory negligence is not a defense to a strict responsibility claim. *Gauerke,* 112 Wis. 2d at 281–82, 332 N.W.2d at 809. Section 895.045, Stats., does not therefore require a comparison of the Redas' negligence with Kiesling's strict responsibility. *Id.* Section 895.045 cannot be used as Kiesling suggests—to compare the Sincabans' negligence with his strict responsibility—because the statute's purpose is not to measure the liability of joint tortfeasors as between themselves. *Brown v. Haertel,* 210 Wis. 354, 359, 244 N.W. 633, 246 N.W. 691, 692 (1933).

Kiesling has not briefed or argued in this court the issue of contribution. Accordingly, we do not reach the issue. *See D.L.,* 110 Wis. 2d at 648, 329 N.W.2d at 921.

*By the Court.*—Judgment affirmed.