George KUTNER and Deborah Kutner, Plaintiffs,

v.

D. Terrence MOORE and Karen K. Moore,
Defendants-Respondents,

Rock PICCIOLO and Re/Max Southwest, Inc.,
Defendants-Third Party Plaintiffs-Appellants,

v.

Jackie RUSSO and Merrill Lynch Realtors, Third
Party Defendants.

Court of Appeals

*No. 90-0179. Oral argument October 4, 1990.—Decided
November 7, 1990.*

(Also reported in 464 N.W.2d 18.)

121

On behalf of the defendants-third party plaintiffs-appellants, the cause was submitted on the oral argument of *Alan H. Deutch,* of *Deutch, Hansher & Burns* of Milwaukee.

On behalf of defendants-respondents, the cause was submitted on the oral argument of *Gregory J. Cook* of *Kasdorf, Lewis & Swietlik, S.C.* of Milwaukee.

Before Nettesheim, P.J., Scott and Anderson, JJ.

ANDERSON, J.   Rock Picciolo appeals from a judgment dismissing a motion for indemnification from the Moores. A jury found the Moores liable for intentional misrepresentation and Picciolo strictly responsi-

ble. The issue presented is whether Picciolo is entitled to indemnification as a matter of law, or whether a trial is required to determine the possible intentional conduct of Picciolo before indemnification can be considered. Because of the unusual procedural events of this case resulting in unresolved factual issues, and in the interests of justice, we reverse and order a trial on the question of the possible intentional conduct of Picciolo.

The underlying event in this appeal is the sale of a house from the Moores (sellers) to the Kutners (buyers). The broker for the sale was Picciolo (broker). Upon discovering that the basement leaked, the buyers sued the sellers and the broker. The buyers alleged intentional misrepresentation, negligent misrepresentation and strict responsibility against the sellers and the broker. The sellers filed a general denial and cross-claimed for indemnity against the broker. The broker filed a general denial but did not cross-claim for indemnity against the sellers.

Before trial, the buyers dismissed the negligent misrepresentation claim against both defendants. During trial, the buyers dismissed the intentional misrepresentation claim against the broker. The sellers did not object. The broker then informed the trial judge and all the parties that the broker would be seeking indemnification if the sellers were found liable for intentional misrepresentation and the broker was found strictly responsible. The sellers did not object.

When the broker moved to dismiss at the end of the buyers' case, the broker again gave notice that he intended to seek indemnification from the sellers. The broker placed the court and the parties on notice for the third time at the instruction conference. The sellers did not object. The trial judge postponed consideration of indemnification until motions after verdict.

The jury received instructions on intentional misrepresentation and strict responsibility against the sellers and only strict responsibility against the broker. The jury found the sellers liable for intentional misrepresentation and the broker strictly responsible.

On motions after verdict, the broker moved to amend the pleadings and for indemnification as a matter of law. The sellers argued that because the jury only decided strict responsibility of the broker without a determination of intentional misrepresentation, indemnification could not be granted as a matter of law. The sellers made the argument based on the proposition that there cannot be indemnification between two intentional tortfeasors.

The broker argued that the sellers should have submitted the issue of intent to the jury. He argued that it was not his duty to build the sellers' defense against indemnification, particularly when the sellers had notice of an indemnification claim. Conversely, if the broker was required to assure that the intent issue was submitted to the jury, he would be in the precarious position of objecting to a dismissal of the intentional misrepresentation claim against him. Therefore, because the sellers did not object to the notice of indemnification and did not require the broker's intent to be determined by the jury, the sellers could not use the lack of an intent finding as a defense to indemnification. Consequently, the broker argued that indemnification should be granted as a matter of law.

The trial court dismissed the broker's request for indemnification. After conceding that the court and the parties were aware of the indemnification claim throughout the litigation, the court stated:

> the Court's feeling [is] that [the] issue was not [tried] and could well be in the future tried out between the

parties as to the culpability of the broker in that regard . . .. [T]he owner, were [sic] placed in an unusual circumstance where in the middle of the trial [the intentional misrepresentation] theory was pulled out from under their possibility and they had not cross-claimed in connection with that claim so as to create a pleadable issue and the Court would certainly find under the circumstances it would be hard put to amend at this stage on its own motion or to allow the submission of the question without pleading specifically particularly in the—under circumstances that the plaintiff had withdrawn completely that claim against the broker.

Despite the court's statement that the issue could be tried in the future, the court entered the following judgment:

That any and all crossclaims of Rock Piccilo [sic] and Reimax [sic] Southwest, defendants and third-party plaintiffs, as against D. Terrence Moore and Karen K. Moore, defendants of whatever nature, including contribution and/or indemnification, are hereby dismissed together with taxable costs.

The broker appeals and requests that either indemnification be granted as a matter of law, or that a trial be ordered to determine the possible intentional misrepresentation of the broker. The sellers argue that indemnification cannot be granted as a matter of law and that a new trial is prohibited by *res judicata*.

Whether a party has a right to indemnification is a question of law, and we need not give deference to the lower court's reasoning. *Fleming v. Threshermen's Mut. Ins. Co.*, 131 Wis. 2d 123, 127, 388 N.W.2d 908, 909 (1986).

125

■

It is established law in Wisconsin that a negligent tortfeasor has a right to indemnification from an intentional tortfeasor. *Id.* at 130, 388 N.W.2d at 911. This rule shifts the full responsibility for the loss to an intentional tortfeasor because it serves the policy of deterring conduct which society considers to be substantially more egregious than negligence. *Id.* If only contribution were allowed between the intentional tortfeasor and the negligent tortfeasor, the intentional tortfeasor would effectively receive an economic benefit of contribution. *Id.*

■

The same policy of shifting responsibility between joint tortfeasors applies in cases when one tortfeasor is strictly responsible. The policy behind indemnity is to shift the loss from one person who has been compelled to pay to another who on the basis of equitable principles should bear the loss. *Swanigan v. State Farm Ins. Co.,* 99 Wis. 2d 179, 196, 299 N.W.2d 234, 242 (1980). The economic burden is placed on the tortfeasor who acted more egregiously and who can be deterred from repeating the same conduct. *See Fleming* at 130, 388 N.W.2d at 911.

■

When one tortfeasor is found to have acted intentionally and the other tortfeasor is found to be strictly responsible, it follows that the same notions of equity compel shifting the burden to the more egregious, or intentional, tortfeasor. This policy is particularly applicable because strict responsibility is based on public policy and not on intentional conduct. *See Gauerke v. Rozga,* 112 Wis. 2d 271, 280, 332 N.W.2d 804, 808–09 (1983); *Reda v. Sincaban,* 145 Wis. 2d 266, 269–70, 426 N.W.2d 100, 102 (Ct. App. 1988).

■The strictly responsible party's right to indemnification, however, cannot be granted as a matter of law until that party's possible intentional conduct has been determined by a factfinder. A determination of possible intent is necessary because, if both parties are equally at fault, neither party is entitled to indemnification from the other tortfeasor. *See Kjellsen v. Stonecrest, Inc.*, 47 Wis. 2d 8, 12, 176 N.W.2d 321, 324 (1970).

■A finding of strict responsibility does not lead to the conclusion that the jury implicitly determined that the strictly responsible party did not participate to some degree in intentional conduct. The jury does not consider the strictly responsible party's possible intentional conduct because the cause of action of strict responsibility does not have intent as an element. *See* Wis JI—Civil 2402 ("It is immaterial whether or not the defendant had any intent to deceive the plaintiff."). Strict responsibility is based entirely on policy. *See Gauerke*, 112 Wis. 2d at 280, 332 N.W.2d at 808-09. Whether a tortfeasor acted with intent is a question for the jury. *See* Wis JI—Civil 2401. Thus, we remand for a trial on the broker's possible intentional conduct because it is a necessary determination on the indemnification claim which was not presented to the jury.[1]

---

[1]Our holding is limited to situations when one party is liable for intentional misrepresentation and the other party is strictly responsible. It would be unnecessary to remand in order to determine the possible intentional conduct of the broker if the broker was found liable for negligent misrepresentation instead of strictly responsible. The jury instructions for negligent misrepresentation state that "[a] person fails to exercise ordinary care when, *without intending to do any wrong*, he makes a representation . . .." Wis JI—Civil 2403 (emphasis added).

The sellers argue that *res judicata* prevents relitigating the broker's liability. *Res judicata* may not be used to deprive a party of a full and fair determination of an issue. *Desotelle v. Continental Casualty Co.,* 136 Wis. 2d 13, 22, 400 N.W.2d 524, 527 (Ct. App. 1986). A review of the record shows that, at crucial times, all parties were put on notice that the broker was going to seek indemnification. The court postponed consideration of indemnification to a later stage of trial, then held that it was too late to address indemnification. The broker was effectively denied a full and fair determination because, even though all the parties had notice of an indemnification claim, the broker was promised consideration at a later stage and then the trial court denied consideration on the basis of timeliness. The trial court stated that the issue could have and should have been tried, but the judge kept it out of the trial. This denial kept a necessary question of fact from the jury, and in the interests of justice, we remand for a trial.

*By the Court.*—Judgment reversed and cause remanded.