IN RE the PATERNITY OF JASMINE J.E.:

JASMINE J.E., Petitioner,

v.

JOHN E.P., Respondent-Third Party Plaintiff-Appellant,†

BARBARA A.E., Third Party Defendant-Respondent.

Court of Appeals

*No. 95–1011. Submitted on briefs October 9, 1995.—Decided November 9, 1995.*

(Also reported in 542 N.W.2d 171.)

†Petition to review denied.

For the respondent-third party plaintiff-appellant the cause was submitted on the briefs of *Fred D. Hol-*

*lenbeck* of *Curran, Hollenbeck & Orton, S.C.,* of Mauston.

For the third party defendant-respondent the cause was submitted on the brief of *Maureen L. Kinney* of *Johns & Flaherty, S.C.,* of La Crosse.

Before Eich, C.J., Sundby and Vergeront, JJ.

EICH, C.J.   John P., who was adjudged the father of a child, Jasmine E., in 1979, was ordered to pay support for the child several years later in an action commenced by the child's guardian ad litem. He appeals from a judgment dismissing his claim for indemnity and contribution from the child's mother, Barbara E. Like the trial court, we conclude that he is entitled to neither, and affirm the judgment.

Jasmine E. was born on May 20, 1979, and her mother, Barbara E., commenced an action seeking to establish John P.'s paternity. The action was settled and dismissed (without an adjudication of paternity) in 1981 upon John P.'s lump-sum payment of $5,000 and his waiver of rights to custody or visitation.

In 1992, Jasmine E., through her guardian ad litem, commenced this action against John P., seeking his contribution to her support. John P. filed a third-party complaint against Barbara E., claiming that, as a result of the earlier settlement, she should be held responsible, on principles of either indemnity or contribution, for any further sums he may be required to pay to Jasmine E.[1] The trial court entered summary judg-

---

[1] Claiming that Barbara E. and Jasmine E. were conspiring in the guardian ad litem's action in order to enrich Barbara E., John P. also asserted causes of action for barratry and champerty, among others, all of which were dismissed by the trial court and are not argued on this appeal.

ment declaring John P. to be Jasmine E.'s father and ordering him to pay child support in the sum of $200 per month from December 1992 to her eighteenth birthday in May 1997.[2] The judgment also denied John P.'s claims for indemnity and/or contribution from Barbara E.

Whether John P. is entitled to either indemnity or contribution from Barbara E. involves the application of rules of law to the undisputed facts of the case and thus presents a legal question which we review independently, owing no deference to the trial court's decision. *See Nottelson v. DILHR*, 94 Wis. 2d 106, 115-16, 287 N.W.2d 763, 768 (1980); *Green Scapular Crusade, Inc. v. Town of Palmyra*, 118 Wis. 2d 135, 138, 345 N.W.2d 523, 525 (Ct. App. 1984).

We first consider John P.'s argument that he is entitled to indemnity from Barbara E. for the $200-per-month child support he has been ordered to pay. He asserts that when the 1981 stipulated judgment was entered and the lump-sum payment was made pursuant thereto, Barbara E. understood that "she would be obligated to raise the child on her own without any more financial help from John P.," and he characterizes the stipulation as an "indemnity" agreement which he says the court must enforce. Alternatively, he argues that Barbara E. should be ordered to indemnify him from the judgment on the basis of principles of equity.

The 1981 stipulation is short in length and drafted in what appears to be a standard format. It provides simply that, while John P. denies paternity, he agrees to make a lump-sum payment and to waive "any and all rights, powers, or immunities with respect to custody

---

[2] The judgment provided that, should Jasmine E. still be in high school, support should continue until her graduation or her nineteenth birthday, whichever comes first.

or visitation or the exercise of any parental rights . . . over Jasmine." The document says nothing about indemnity, and John P. does not suggest how its brief and very limited terms may be construed as an agreement on Barbara E.'s part to indemnify him from any future court-awarded child support for Jasmine E.

The crux of John P.'s argument is equitable in nature. Simply defined, indemnity is a principle that " 'shift[s] the loss from one person who has been compelled to pay to another who on the basis of equitable principles should bear the loss.' " *Brown v. LaChance*, 165 Wis. 2d 52, 64, 477 N.W.2d 296, 302 (Ct. App. 1991) (quoted source omitted).

> "Although it has been said that the right to indemnity springs from a contract . . . the modern cases note that contract furnishes too narrow a basis, and that principles of equity furnish a more satisfactory basis for indemnity. . . . The rule proposed in the Restatement of Restitution . . . appears to be based on principles of equity; it provides that a person who, in whole or in part, has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other, is entitled to indemnity from the other, unless the payor (indemnitee) is barred by the wrongful nature of his conduct."
>
> . . . .
> " 'Probably . . . no one explanation can be found which will cover all of the cases; and the duty to indemnify, like so many other duties, arises where community opinion would consider that in justice the responsibility should rest upon one . . . rather than another.' "

118

*Kjellsen v. Stonecrest, Inc.*, 47 Wis. 2d 8, 11-12, 176 N.W.2d 321, 323-24 (1970) (citations omitted; quoted sources omitted).

John P., emphasizing that "[t]he granting of indemnity in any situation represents a judicial choice of policy," *Gies v. Nissen Corp.*, 57 Wis. 2d 371, 386, 204 N.W.2d 519, 527 (1973), contends that because Barbara E., "for a valuable consideration," agreed to bear certain obligations—the obligation to support Jasmine E.—"[she] should be required to bear th[em]."

Indemnification, however, does not arise between parties who *share* a liability or responsibility to a third party,[3] and it goes without saying that, under the law, both parents share the obligation to support their children. See § 49.90(1m), STATS., which provides, "Each parent has an equal obligation to support his or her minor children as provided in this chapter and ch. 48." And the supreme court has held that that obligation—as it applies to either parent—may not be abrogated by an agreement such as the one entered into by Barbara E. and John P. in 1981. *See Gerhardt v. Estate of Moore*, 150 Wis. 2d 563, 565, 574, 441 N.W.2d 734, 735, 739 (1989) (lump-sum child support agreement in a paternity action does not bar the child from seeking additional support at a later date). We conclude, therefore, that the trial court properly dismissed John P.'s claim for indemnity from Barbara E.

---

[3] Where liability is "common," or shared, contribution may be an appropriate remedy, but indemnification, which, as indicated, attempts to shift one party's responsibility to another, is not. *See Fidelity & Deposit Co. v. Verzal*, 121 Wis. 2d 517, 524, 361 N.W.2d 290, 293 (Ct. App. 1984); *Brown v. LaChance*, 165 Wis. 2d 52, 64, 477 N.W.2d 296, 302 (Ct. App. 1991).

As we noted above, contribution, unlike indemnity, is a principle applicable to situations where liability to a third party—almost always in tort—is shared by the principals. *Brown*, 165 Wis. 2d at 64, 477 N.W.2d at 302. "Contribution is the 'process by which one person obtains reimbursement from another for a proportionate share of an obligation paid by the first person but for which they are both liable.' This process is based upon principles of equity and natural justice, not express contract." *Kafka v. Pope*, 186 Wis. 2d 472, 475, 521 N.W.2d 174, 176 (Ct. App. 1994), *aff'd*, 194 Wis. 2d 234, 533 N.W.2d 491 (1995) (quoted source omitted; citation omitted). It is a common-law doctrine designed to "spread the loss among all parties responsible for the damage, thereby preventing unjust enrichment of one tortfeasor at the expense of another," COMMENT, CONTRIBUTION AMONG JOINT TORTFEASORS, 1960 WIS. L. REV. 478, 478 (1960), and it contemplates the situation where two (or more) individuals have a joint liability to the same person, and where one individual "bears more than his or her fair share of the burden." *Brown*, 165 Wis. 2d at 64, 477 N.W.2d at 302.

John P. argues, without elaboration or discussion of the facts of record,[4] that he is entitled to contribution

[4] John P. asserts in his reply brief that "[t]he record is clear that Barbara [E.] has provided well for [Jasmine E.]. The record is further clear that Barbara [E.] claims no hardship nor need for funds from John [P.]. Therefore, there is no financial hardship for Jasmine [E.]." We decline to consider the assertions, or the argument based thereon. Where parties fail to comply with Rule 809.19(1)(e), STATS., which requires briefs to contain "citations to the . . . parts of the record relied on," we do not consider arguments based on asserted facts which are unaccompanied by such references. *Tam v. Luk*, 154 Wis. 2d 282, 291 n.5, 453

from Barbara E. because he is bearing an unfair share of Jasmine E.'s support. The argument is untenable.

First, as indicated, he points to no evidence in the record that his 1981 payment of $5,000 represents such a disproportionate contribution to Jasmine E.'s support over an eleven-year period that it either unjustly enriched Barbara E. or otherwise warrants Barbara E.'s absorbing the $200 per month he has now been ordered to pay until Jasmine E. reaches eighteen some two years from now. The trial court, after noting in its written decision on John P.'s motions that he had provided no such evidence, went on to note that Jasmine E., who was then fourteen years old, "has been totally supported by [Barbara E.] all of her life except for the $5,000 provided by [John P.]," and stated that "anyone who has been a parent in the last 20 years certainly knows that she cannot support a child for 14 years, or even one year, for the sum of $5,000."[5] Holding that John P. had not established even a prima facie case for entitlement to contribution, the trial court dismissed his claim.

Viewing the law and the established facts independently, we reach a similar conclusion. Spread over the

N.W.2d 158, 162 (Ct. App. 1990). *See also Keplin v. Hardware Mut. Casualty Co.*, 24 Wis. 2d 319, 324, 129 N.W.2d 321, 323 (1964) ("it is not the duty of [the appellate] court to sift and glean the record *in extenso* to find facts which will support an assignment of error"); *Lechner v. Scharrer*, 145 Wis. 2d 667, 676, 429 N.W.2d 491, 495 (Ct. App. 1988) (appellate court need not consider arguments unsupported by citations to authority or references to the record).

[5] In its findings of fact, the court referred to documentary evidence indicating that, during the period 1980 through 1992, Barbara E. received more than $5,000 per year in AFDC (Aid to Families with Dependent Children) benefits.

first eleven years of Jasmine E.'s life, John P.'s lump-sum $5,000 contribution to her support averages only $455 per year, or $38 per month. Even when the additional support he has now been ordered to pay from December 1992 to June 1997—some $10,600—is added to his initial contribution, the total, spread over eighteen years, would amount to only $867 per year, or $72 per month, during the entire period of Jasmine E.'s minority.

■ We conclude that John P. has failed to establish that he should be relieved of his obligation to support his daughter for the remaining few years of her minority based on principles of "equity and natural justice" or "unjust enrichment"—or on the broad basis that he has paid more than his fair share of her support since her birth.

*By the Court.*—Judgment affirmed.