**In re Brad J. RIECK and Amy J. Rieck, Debtors.**

**Elizabeth Wadzinski and Steve Wadzinski, Plaintiffs,**

v.

**Brad J. Rieck, Defendant.**

**Bankruptcy No. 09–12461–7. Adversary No. 09–136.**

United States Bankruptcy Court, W.D. Wisconsin.

Oct. 28, 2010.

Timothy L. Kostka, Kostka & Associates, LLC, Wausau, WI, for Plaintiffs.

George B. Goyke, Goyke, Tillisch & Higgins, LLP, Wausau, WI, for Defendant.

### MEMORANDUM DECISION AND ORDER DENYING SUMMARY JUDGMENT

THOMAS S. UTSCHIG, Bankruptcy Judge.

On October 4, 2010, the Court conducted a telephonic hearing on the defendant's motion for summary judgment. Attorney Timothy L. Kostka appeared on behalf of the plaintiffs, and Attorney George B. Goyke appeared on behalf of the defendant. Based upon the record, the Court finds it appropriate to deny the motion for the following reasons.

The plaintiffs brought this adversary proceeding alleging that the defendant was guilty of theft by contractor under Wis. Stat. § 779.02(5). Pursuant to this statute, "all moneys paid to any prime contractor or subcontractor by any owner for improvements, constitute a trust fund" for the payment of claims for labor, services, and materials associated with the contracted improvements. By its terms, the statute makes a contractor the trustee of funds received from an owner until the laborers, material suppliers, or subcontractors are paid for work or materials put into the specific improvement for which the payment was made. *See Ganther Constr., Inc. v. Ward (In re Ward),* 417 B.R. 582 (Bankr.E.D.Wis.2009); *Chase Lumber & Fuel Co. v. Koch (In re Koch),* 197 B.R. 654 (Bankr.W.D.Wis.1996). Accordingly, the plaintiffs assert that his obligation to them is the result of "fraud or defalcation in a fiduciary capacity" under 11 U.S.C. § 523(a)(4) and is thus nondischargeable.[1]

The principal facts are straightforward. According to the plaintiffs, they hired the defendant's business, N & R Builders LLC, to install siding on their home as part of a remodeling project. They paid N & R Builders $12,600.00 but only about

---

**1.** Section 523(a)(4) provides that a debtor may not discharge a debt for "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." Defalcation is generally defined as the failure to meet an obligation or a non-fraudulent default. *See Black's Law Dictionary* (8th ed. 2004). In the context of the bankruptcy code, "defalcation" requires a showing of more than mere negligence, although it need not rise to the level of fraud. *Meyer v. Rigdon,* 36 F.3d 1375 (7th Cir.1994).

$4,600.00 of that amount was used to purchase materials, and they have not been given an accounting for the balance of approximately $8,000.00. In addition, a local lumber company placed a lien on the plaintiffs' home. They contend that the debtor, as a member of N & R Builders, is guilty of breaching his statutory obligations to hold their payment in trust and wish to see their claim excepted from discharge. In response, the defendant has moved for summary judgment, arguing that the plaintiffs' settlement with the other member of N & R Builders LLC precludes the relief they seek.

Prior to the filing of the bankruptcy, the plaintiffs brought an action in state court against the defendant, his partner, and N & R Builders. After the defendant filed for bankruptcy protection, the plaintiffs dismissed him from the lawsuit. The state court action proceeded as against the other parties. The plaintiffs reached a settlement with Zach Newton, the other member of N & R Builders. In the stipulation, both the company and Mr. Newton were released "from any further liability regarding the allegations brought by the parties," and the release was "full and final as to all causes of action." [2] The defendant's motion for summary judgment is premised upon the contention that because the settlement release protects the other parties from *any* further liability, his right to seek indemnification or contribution from them has been eliminated and must be imputed to the plaintiffs.

■ As the defendant notes, Wisconsin law provides that in certain instances, a general release of one joint tort-feasor may have the effect of imputing to the plaintiff that party's potential liability for contribution or indemnification that the non-settling defendants might otherwise raise. The result is that the non-settling tort-feasor may nonetheless be absolved of liability to the plaintiff. *See Fleming v. Threshermen's Mut. Ins. Co.*, 131 Wis.2d 123, 388 N.W.2d 908 (Wis.1986); *Pierringer v. Hoger*, 21 Wis.2d 182, 124 N.W.2d 106 (Wis.1963). In *Fleming*, the Wisconsin Supreme Court observed:

We conclude that a negligent tortfeasor has a right to indemnity from an intentional joint tortfeasor. We further conclude that a *Pierringer* release of an intentional joint tortfeasor operates to absolve a negligent tortfeasor of liability to a plaintiff because the negligent tortfeasor's right to indemnity from the intentional joint tortfeasor becomes a right to indemnity from the plaintiff.

131 Wis.2d at 125, 388 N.W.2d 908. In support of his summary judgment motion, the defendant has alleged that he did not handle the company's money, and that he was only peripherally involved in the project on their home because he did not participate in the bidding of the job or the subsequent ordering of materials.[3] The defendant believes that he should be considered at best a "negligent" tort-feasor under the rationale articulated in *Fleming* and that his right to indemnification from the other parties should be transferred to the plaintiffs due to the stipulation and release.

■ Summary judgment is appropriate where there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). The existence of a minor factual dispute or discrepancy does not render a summary judgment motion

---

**2.** *See* Exhibits B and C attached to the affidavit of George B. Goyke filed in support of the defendant's motion for summary judgment.

**3.** *See* affidavit of Brad J. Rieck filed in support of the motion for summary judgment at paragraphs 4–8.

deficient; instead, summary judgment is to be denied only if there is a *"genuine* issue of *material* fact." *Anderson v. Liberty Lobby. Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A material fact is one related to a disputed matter that might affect the outcome of the action. *Id.* When deciding whether there is a genuine issue of material fact, all facts are construed in the light most favorable to the non-moving party, and all reasonable inferences are drawn in favor of that party. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir.2003): *see also Schuster v. Lucent Techs., Inc.*, 327 F.3d 569 (7th Cir.2003). In addition, exceptions to discharge are to be construed strictly against a creditor and liberally in favor of the debtor. *See In re Chambers*, 348 F.3d 650, 654 (7th Cir. 2003); *In re Scarlata*, 979 F.2d 521, 524 (7th Cir.1992). A plaintiff must prove all elements of the proffered exception to discharge by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 287–88, 111 S.Ct. 654, 659–60, 112 L.Ed.2d 755 (1991).

■ In the context of a § 523(a)(4) non-dischargeability claim, the creditor must prove that a trust existed, that the defendant was a fiduciary of that trust, and that the defendant committed "fraud or defalcation" while carrying out the fiduciary responsibilities associated with the trust. *Ward*, 417 B.R. at 587. In *Meyer v. Rigdon*, 36 F.3d 1375 (7th Cir.1994), the Seventh Circuit considered whether "mere" acts of negligence could constitute "defalcation" under the bankruptcy code. The court rejected the notion that the discharge exception included any fiduciary who was short on an account without regard to the reason, and ruled that a mere negligent breach of a fiduciary duty is not a "defalcation." *Id.* at 1384–85. As subsequent courts have noted, *Meyer* does not provide a precise line of demarcation be-

tween negligence and culpability, although there is a suggestion that something akin to "reckless" behavior might be the standard. *Koch,* 197 B.R. at 657; *Ward,* 417 B.R. at 592. The Seventh Circuit also observed that "a knowing breach of fiduciary duty is more culpable than a mere negligent breach of duty," and was sufficient to allege a "defalcation" under the code. *Meyer,* 36 F.3d at 1385.

■ In the wake of *Meyer*, Wisconsin bankruptcy courts have reconsidered the per se approach to theft by contractor cases. Historically, violations of the Wisconsin theft by contractor statute were treated as per se defalcations under the bankruptcy code, without regard to precise lack of care exercised by the debtor. *Ward,* 417 B.R. at 591; *Koch,* 197 B.R. at 656. Under *Meyer*, however, innocent or unintentional defalcations may be discharged, and nondischargeability is premised upon a showing of something more than negligence, which need not rise to the level of fraud but still must be akin to a reckless, willful, or knowing breach of fiduciary responsibility. To succeed on their § 523(a)(4) claim, the plaintiffs are obligated to prove, at a minimum, that the defendant knowingly or "recklessly" breached his fiduciary duty under Wis. Stat. § 779.02(5). In contrast, the crucial premise of the defendant's motion for summary judgment is that he was merely negligent, as that conclusion is essential to his argument about the release and its effect on his right to contribution or indemnification. The question is whether there is a dispute as to this issue, which is clearly material to the outcome of the case.

■ As to the issue of the state court settlement and release, the plaintiffs note that there is a dispute as to the defendant's role with the company. In the state court lawsuit, it appears that Mr. Newton raised almost an identical defense,

alleging that he had no control over the accounts receivable or payable. Specifically, Newton stated in an affidavit that he did not "exercise control over the LLC's finances, or the checking account for the LLC."[4] The rule articulated in *Fleming* points out that it is the *negligent* tort-feasor who has the right to indemnity from an intentional joint tort-feasor and should be protected from liability if the intentional tort-feasor is released. 131 Wis.2d at 130, 388 N.W.2d 908 ("[W]e hold that a negligent tortfeasor has a right to indemnity from an intentional joint tortfeasor"). However, the Wisconsin Supreme Court has also ruled that "those guilty of intentional misconduct are not entitled to contribution." *Id.* at 129, 388 N.W.2d 908; *see also Jacobs v. General Acc. Fire & Life Assurance Corp.*, 14 Wis.2d 1, 5, 109 N.W.2d 462 (Wis.1961) ("A person whose liability to [the] plaintiff arose from his intentional wrong is not entitled to contribution.").

In essence, there is a dispute as to which of the company's principals was the "intentional" tort-feasor and which, if either, was the "negligent" one in the context of the Wisconsin theft by contractor statute. As the court noted in *Koch,* the Wisconsin theft by contractor statute "creates an express fiduciary relationship and delineates clear duties, and Wisconsin contractors are charged with knowledge of the law in this area." 197 B.R. at 658. In order for a violation of the statute to be nondischargeable, there needs to be proof that the debtor was more than negligent in the handling of trust funds. *Koch,* 197 B.R. at 658; *Ward,* 417 B.R. at 592. In this case, if the defendant was responsible for the company's accounts, was aware of the trust fund requirements, or was more than simply an innocent bystander "peripherally

involved" in what happened to the plaintiffs' funds, the plaintiffs may be able to demonstrate more than mere negligence on his part. Certainly the finger-pointing between partners suggests a dispute on this factual issue, and the Court is obligated to view facts in the light most favorable to the non-moving parties, which in this instance means the plaintiffs.

Not only would a finding of a willful, reckless, or knowing breach of fiduciary duty justify a finding of nondischargeability under § 523(a)(4), it would also mean that the defendant was more than simply a "negligent" tort-feasor under Wisconsin law, and thus not entitled to indemnification or contribution or to have those rights imputed to the plaintiffs. *Fleming,* 131 Wis.2d at 129, 388 N.W.2d 908. The Court is compelled to conclude that the defendant's motion for summary judgment is premised upon a disputed factual issue—namely, that he was not responsible for what happened because he did not have control of the money. Viewing the facts in the light most favorable to the plaintiffs, it would be reasonable for a finder of fact to conclude otherwise, and summary judgment is not appropriate on this point.

The defendant also suggests that since the "prime contractor" was a limited liability company, any liability he might have should be regarded as "derivative," and that a settlement with the company absolves him of liability on that ground as well. As to this second issue, the Court notes that § 779.02(5) expressly provides that if the prime contractor is a corporation, limited liability company, or other legal entity other than a sole proprietorship, misappropriation of funds by the company "also shall be deemed theft" by any officers, directors, members, or the

**4.** *See* the affidavit of Zach Newton, originally filed in the state court proceedings but attached to the plaintiffs' response to the motion for summary judgment, at paragraph 6.

like who are "responsible for the misappropriation." As such, if the evidence demonstrated that the defendant was responsible for the misappropriation, under the express terms of the statute that misappropriation is to be considered a theft *by him,* not merely "derivative" of the company's liability. The company's release cannot absolve him of liability for his conduct. As there is a dispute as to his role in the company's financial management, there is a genuine issue of material fact as to his liability. That issue precludes the granting of summary judgment in the defendant's favor.

Accordingly,

IT IS ORDERED that the motion for summary judgment is denied. The matter shall be set for trial.

**THE FOLLOWING ORDER IS APPROVED.**