Marjorie J. JONES, Plaintiff,

v.

GENERAL CASUALTY COMPANY OF WISCONSIN, Melissa S. Frassetto f/k/a Melissa S. Van Roy, Meridian Resource Corporation, as agent for United Health, and ABC Insurance Company, Defendants,

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Defendant-Third-Party Plaintiff-Appellant,

v.

CELLULAR ONE, BellSouth Corporation and BellSouth Cellular, Third-Party Defendants,

WESTEL-MILWAUKEE COMPANY, INC., Third-Party Defendant-Respondent.

Court of Appeals

*No. 97–3228.  Submitted on briefs April 15, 1998.—Decided April 28, 1998.*

(Also reported in 582 N.W.2d 110.)

On behalf of the defendant-third-party plaintiff-appellant, the cause was submitted on the briefs of *Jeff DeMeuse* of *Everson, Whitney, Everson & Brehm, S.C.*, Green Bay.

On behalf of the third-party defendant-respondent, the cause was submitted on the brief of *Donald P. O'Meara* of *Baxter, O'Meara & Mathie, S.C.*, Milwaukee.

Before Cane, P.J., Myse and Hoover, JJ.

MYSE, J.   American Family Mutual Insurance Company appeals an order and a judgment dismissing

its claim against Westel-Milwaukee Company. The claim arose out of an automobile accident involving Marjorie Jones, a passenger with underinsured motorist coverage (UIM) through American Family, and Melissa Frassetto, an employee of Westel. American Family sought indemnification from Westel for funds paid to Jones on its UIM policy. The trial court concluded that American Family's indemnification claim was barred by the statute of limitations. American Family contends that the trial court erroneously applied the statute of limitations for a subrogation claim to its indemnification claim. American Family also contends that the trial court erroneously interpreted Westel's insurance policy to preclude coverage of Frassetto at the time of the accident.[1] Because this court concludes that American Family's claim was for subrogation and that the statute of limitations for the underlying tort passed, its claim is time barred. We therefore do not need to address the issues concerning Westel's insurance policy. The order and judgment are affirmed.

The underlying facts of this appeal are substantially undisputed. Jones and Frassetto were involved in an automobile collision on November 2, 1992. Jones was a passenger in a car driven by her husband, and Frassetto was the driver of the other car. Jones brought this action on October 27, 1995, several days prior to the expiration of the statute of limitations. Among others, Jones named American Family (her underinsurer) and Frassetto as defendants.

During discovery, American Family learned that Frassetto was acting in the scope of her employment at the time of the accident. As a result, on August 6, 1996,

---

[1] Westel's insurer was not a named party to this lawsuit.

American Family impleaded Westel for indemnity based on Jones's potential demand for UIM benefits. Some time later, judgment was entered for $142,000 against Frassetto. Because Frassetto's personal automobile insurer limited bodily injury liability to $50,000, American Family was liable for $92,000 on its underinsurance policy with Jones. American Family sought to recover this balance from Westel, but the trial court dismissed its third-party complaint. The trial court concluded that the statute of limitations barred American Family's claim.

Both parties and the trial court treat this case as a summary judgment. On appeal of a summary judgment, this court applies a de novo review based on the same methodology as the trial court. *Fritsch v. St. Croix Cent'l Sch. Dist.*, 183 Wis. 2d 336, 342, 515 N.W.2d 328, 330 (Ct. App. 1994). The summary judgment methodology has been repeated often, and need not be repeated here. *Id.* Summary judgment is appropriate if the proofs show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Section 802.08(2), STATS.

American Family argues that the trial court erroneously applied the statute of limitations for subrogation because the nature of its claim against Westel is equitable indemnification. We disagree. Although no Wisconsin case has decided this issue, the clear majority of cases reviewed by this court demonstrate that equitable indemnity does not permit an insurer to collect from a wrongdoer. Rather, the insurer's right to indemnity from a wrongdoer is fixed solely by its subrogation rights. *See Great Am. Ins. Co. v. United States*, 575 F.2d 1031, 1034 (2d Cir. 1978);

*Russell v. Evans*, 920 S.W.2d 161, 163–64 (Mo. Ct. App. 1996) (underinsurer cannot recover against wrongdoer under implied indemnity theory); *Hanover Ins. Co. v. Finnerty*, 639 N.Y.S.2d 433, 434 (N.Y. App. Div. 1996) (underinsurer's "remedy is subrogation, not indemnification").

We agree with the court's reasoning in *Great American*. In that case, an insured brought a claim against Great American, its insurer, for damages caused to its property. The insurer initially rejected the claim, and the insured brought suit to recover under the policy. The insurer thereafter paid the claim, and initiated its own claim against the United States, alleging negligence. The United States denied Great American's claim.

Great American then brought an action seeking recovery from the United States "by way of indemnity." *Id.* at 1033. The second circuit rejected this theory of liability, stating that Great American "confused the principle of indemnity which underlies subrogation with an implied action for indemnification—which is completely distinguishable." *Id.* at 1034. Relying on a comment to the Restatement of Restitution for support, the court held that an insurer's recourse for recovery from a wrongdoer was through its subrogation rights. *Id.*

> The rule [established in § 76 that provides for indemnification] does not apply to a payment by a person who guarantees or insures another against a payment for which the guarantor or insurer is not himself liable since the duty of indemnity and the right to subrogation of such persons are wholly dependent upon the contract or agreement with the other.

RESTATEMENT OF RESTITUTION § 76, cmt. (b) (1936).[2] The second circuit ultimately held for the United States based on the parties' agreement that the subrogation statute of limitations had run on Great American's claim. *Great Am.*, 575 F.2d at 1033.

■ The general rules for indemnification that the court in *Great American* relied on also have been recognized in Wisconsin. Our review of the case law reveals adherence to the Restatement view that indemnification is applied only to distribute the loss among "persons liable in tort to a third person *for the same harm*." RESTATEMENT (SECOND) OF TORTS: CONTRIBUTING TORTFEASORS § 886B(1) (1979) (emphasis added);[3] *see*

---

[2] Section 76 of the RESTATEMENT OF RESTITUTION states the general rule for indemnification:

> A person who, in whole or in part, has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other, is entitled to indemnity from the other, unless the payor is barred by the wrongful nature of his conduct.

[3] The RESTATEMENT (SECOND) OF TORTS § 886B(2) (1979), goes on to give the following examples of when indemnity is granted:

(a) The indemnitee was liable only vicariously for the conduct of the indemnitor;

(b) The indemnitee acted pursuant to the directions of the indemnitor and reasonably believed the directions to be lawful;

(c) The indemnitee was induced to act by a misrepresentation on the part of the indemnitor, upon which he justifiably relied;

(d) The indemnitor supplied a defective chattel or performed defective work upon land or buildings as a result of which both were liable to the third person, and the indemnitee innocently or negligently failed to discover the defect;

*also* RESTATEMENT OF RESTITUTION §§ 94–98. Thus, for example, in *Brown v. LaChance*, 165 Wis. 2d 52, 477 N.W.2d 296 (Ct. App. 1991), the only case cited to by American Family, the court held that attorneys could be entitled to indemnification for carrying out another's instructions if they themselves were not negligent. In *Kutner v. Moore*, 159 Wis. 2d 120, 464 N.W.2d 18 (Ct. App. 1990), the court held that a negligent tortfeasor has a right to indemnification from an intentional tortfeasor. Both *Kjellsen v. Stonecrest, Inc.*, 47 Wis. 2d 8, 12, 176 N.W.2d 321, 324 (1970) and *Jacobs v. General Accident Fire & Life Assurance Corp.*, 14 Wis. 2d 1, 11, 109 N.W.2d 462, 467 (1961), quoted WILLIAM L. PROSSER, TORTS § 46, at 251 (2d ed. 1955), for the proposition that the duty to indemnify "arises where community opinion would consider that in justice the responsibility should rest upon one *tortfeasor* rather than another." (Emphasis added.) Based on these principles, we hold that Wisconsin law prevents an underinsurer from collecting from a wrongdoer on an indemnification claim.

As in *Great American*, any recovery by American Family must arise from its subrogation rights with Jones. The trial court, however, concluded that the statute of limitations on American Family's claim had run. In a subrogation action, the statute of limitations is the same as the statute of limitations for the underlying tort. *General Accident Ins. Co. v. Schoendorf*, 202 Wis. 2d 98, 109, 549 N.W.2d 429, 434 (1996). Thus,

(e)     The indemnitor created a dangerous condition of land or chattels as a result of which both were liable to the third person, and the indemnitee innocently or negligently failed to discover the defect;

(f)     The indemnitor was under a duty to the indemnitee to protect him against the liability to the third person.

American Family's subrogation claim against Westel had to be brought within three years of Jones's injury. *See* § 893.54(1), STATS. Because American Family's claim against Westel was brought over three years after Jones's injury, and because American Family makes no claim that its action against Westel relates back to the date of Jones's initial lawsuit, the statute of limitations bars this action.

Both parties raise additional arguments concerning the trial court's determination that Westel's insurer provided no coverage to Frassetto at the time of the accident. American Family argues that the trial court erroneously concluded that there was no coverage, and Westel argues that the trial court could not properly determine the coverage issue because Westel's insurer was not a named party. We need not address these arguments, however, because of our conclusion that the statute of limitations bars the action against Westel, the insured.

*By the Court.*—Judgment and order affirmed.