Staci J. SCHWITTAY, Plaintiff,

v.

SHEBOYGAN FALLS MUTUAL INS. CO., Defendant-Third-Party Plaintiff-Appellant,

v.

Patrick SHAW, Third-Party Defendant-Respondent,

AMERICAN FAMILY MUTUAL INS. CO. and Adam P. Ochab, Third-Party Defendants.

Court of Appeals

No. 00–2445. Submitted on briefs April 20, 2001.—Decided May 9, 2001.

2001 WI App 140

(Also reported in 630 N.W.2d 772.)

On behalf of the defendant-third-party-plaintiff-appellant, the cause was submitted on the brief of *Tom Rusboldt* and *Robert L. McCracken* of *Nash, Spindler, Grimstad & McCracken LLP* of Manitowoc.

On behalf of the third-party-defendant-respondent, the cause was submitted on the brief of *Jeffrey T. DeMeuse* and *Joseph A. Durocher* of *Everson, Whitney, Everson & Brehm, S.C.* of Green Bay.

Before Brown, P.J., Nettesheim and Snyder, JJ.

¶ 1. NETTESHEIM, J. Sheboygan Falls Mutual Insurance Company appeals from an order dismissing its third-party subrogation complaint on statute of limitations grounds. We affirm.

## *Facts*

¶ 2. The facts are brief and uncontested. On July 8, 1996, Staci J. Schwittay was injured when she was struck by a motor vehicle owned by Adam P. Ochab and operated by Patrick Shaw. Neither Shaw nor Ochab had liability insurance that covered the accident. Therefore, Schwittay commenced this action on May 17, 1999, seeking uninsured motorist benefits under an insurance policy issued by Sheboygan Falls to her parents. After answering the complaint, Sheboygan Falls filed a third-party complaint against Shaw on November 2, 1999. The complaint alleged that Shaw had negligently and intentionally caused Schwittay's injuries and sought "subrogation, contribution, and/or indemnification" from Shaw.

¶ 3. Shaw answered Sheboygan Falls' third-party complaint, affirmatively alleging that the action was time barred pursuant to WIS. STAT. § 893.54(1) (1999–2000),[1] the three-year statute of limitations governing personal injury actions. Reluctantly, the trial court agreed with Shaw and dismissed Sheboygan Falls' third-party complaint. Sheboygan Falls appeals.

## *Discussion*

¶ 4. WISCONSIN STAT. § 893.54(1) provides that an action to recover damages for injuries to the person shall be commenced within three years. Sheboygan

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version.

Falls contends that it is not bound by this statute of limitations.

¶ 5. Sheboygan Falls argues that WIS. STAT. § 632.32(4)(a)3, which recognizes an insurer's right of subrogation, does not recite a statute of limitations. As such, Sheboygan Falls reasons that the "catchall" six-year statute of limitations set out in WIS. STAT. § 893.93(1)(a) applies.[2]

■

¶ 6. Like the trial court, we conclude that existing case law is against Sheboygan Falls. The appellate courts of this state have repeatedly held that an insurer's right of subrogation, including a statute of limitations question, is measured by the insured's ability to recover. "Subrogation is derivative of the plaintiff's right to recover from the tortfeasor." *Am. Standard Ins. Co. v. Cleveland*, 124 Wis. 2d 258, 262, 369 N.W.2d 168 (Ct. App. 1985) (citing *Garrity v. Rural Mut. Ins. Co.*, 77 Wis. 2d 537, 541, 253 N.W.2d 512 (1977)). In *General Accident Ins. Co. v. Schoendorf*, 202 Wis. 2d 98, 109–10, 549 N.W.2d 429 (1996), the supreme court stated:

> The original right of the plaintiff measures the extent of the subrogated party's right. . . . Thus, in *Heifetz* [*v. Johnson*, 61 Wis. 2d 111, 115, 124, 211 N.W.2d 834 (1973)], this court held that the statute of limitations for subrogation claims is the statute of limitations on the underlying tort, because the running of that statute of limitations extinguishes

---

[2] WISCONSIN STAT. § 893.93 states in part:

**Miscellaneous Actions. (1)** The following actions shall be commenced within 6 years after the cause of action accrues or be barred:

(a) An action upon a liability created by statute when a different limitation is not prescribed by law.

the rights of the original plaintiff. . . . The statute of limitations in the present case, therefore, is that of the underlying tort, legal malpractice. The court of appeals thus erred in concluding that the cause of action in this case accrued when payment is made, a standard applicable to contribution actions. (Citations omitted.)

¶ 7. To the same effect is *Jones v. General Casualty Co.*, 218 Wis. 2d 790, 582 N.W.2d 110 (Ct. App. 1998). There, the insurer sought indemnification from the tortfeasor. *Id.* at 792–93. The trial court dismissed the claim on statute of limitations grounds. *Id.* at 793. The court of appeals affirmed, citing to the rule set out in *General Accident. Jones*, 218 Wis. 2d at 796–97.

¶ 8. Sheboygan Falls argues that these cases do not apply because they did not involve an uninsured motorist claim which, according to Sheboygan Falls, is specifically protected by WIS. STAT. § 632.32(4)(a)3. We disagree. The language of these cases is all-encompassing and does not allow for an exception in an uninsured motorist situation.

¶ 9. Sheboygan Falls also notes the incongruity produced by existing case law. On the one hand, the insured has six years to pursue an uninsured motorist claim, pursuant to the statute of limitations governing contract actions. *See Sahloff v. W. Cas. & Sur. Co.*, 45 Wis. 2d 60, 64, 171 N.W.2d 914 (1969). On the other hand, the insurer has only three years to pursue a subrogation action. *General Accident*, 202 Wis. 2d at 109–10. Sheboygan Falls complains that this leaves the insurer without a subrogation remedy if the insured's uninsured motorist claim is commenced after the statute of limitations on the insurer's subrogation claim has expired. We are sympathetic to this argu-

ment, but the supreme court addressed this concern in *Sahloff*:

> It is true an insurer such as Western Casualty is put to some disadvantage when it can no longer pursue subrogation against an uninsured motorist. . . . The application of any statute of limitations generally creates a hardship but it is a hardship because someone delayed doing what he might have done.

*Sahloff*, 45 Wis. 2d at 70–71.

¶ 10. While this may not be a satisfactory answer to the dilemma, it nonetheless represents the supreme court's response. We are duty bound to follow existing precedent from our supreme court. *See State v. Lossman*, 118 Wis. 2d 526, 533, 348 N.W.2d 159 (1984).

¶ 11. Sheboygan Falls also argues that since a subrogation action is grounded in equity (*see Waukesha County v. Johnson*, 107 Wis. 2d 155, 160, 320 N.W.2d 1 (Ct. App. 1982)), the timeliness of such an action should be measured by the doctrine of laches, not by a statute of limitations. True, the courts of this state have held that "the statute of limitations is not applicable to equitable actions." *Elkhorn Area Sch. Dist. v. E. Troy Cmty. Sch. Dist.*, 127 Wis. 2d 25, 31, 377 N.W.2d 627 (Ct. App. 1985); *see also Suburban Motors of Grafton, Inc. v. Forester*, 134 Wis. 2d 183, 187, 396 N.W.2d 351 (Ct. App. 1986). But the unspoken premise of those cases was that the legislature had not prescribed a statute of limitations to the particular equitable action at issue. We think that *Crosby v. Mills*, 413 F.2d 1273, 1276 (10th Cir. 1969), states the rule better and more fully: "*In the absence of a controlling statute*, the only time limitation is the equitable doctrine of laches."

(Emphasis added.) We adopt this for purposes of Wisconsin law.

¶ 12. Sheboygan Falls further contends that *Wisconsin Patients Compensation Fund v. WHCLIP*, 200 Wis. 2d 599, 605, 547 N.W.2d 578 (1996), suggests that the three-year statute of limitations does not apply to an insurer's subrogation action. In that case, the Wisconsin Patients Compensation Fund had contributed to a medical malpractice settlement. *Id.* at 605. The Fund then sued WHCLIP, an insurer of one of the medical providers who had not contributed to the settlement. *Id.* The Fund alleged causes of action sounding in contribution, indemnification and legal subrogation. *Id.* at 604. WHCLIP's defense, in part, contended that the Fund's complaint did not state a claim for relief and that the Fund's contribution claim was barred by the statute of limitations. *Id.*

¶ 13. Among its rulings, the supreme court held that the Fund's complaint stated a claim for legal subrogation. *Id.* As such, the court stated that it was not required to address WHCLIP's statute of limitations defense to the contribution claim. *Id.* at 619 n.16. Since the court did not speak to the limitations issue, we reject Sheboygan Falls' argument that *Wisconsin Patients* somehow casts doubt on this question.

¶ 14. Next, Sheboygan Falls contends that the trial court's ruling deprives it of a constitutional right to a remedy under article I, section 9 of the Wisconsin Constitution: "Every person is entitled to a certain remedy in the laws for all injuries, or wrongs which he may receive in his person, property, or character . . . ." A constitutional challenge raises a question of law which we review de novo. *Bethke v. Lauderdale of La Crosse, Inc.*, 2000 WI App 107, ¶ 15, 235 Wis. 2d 103, 612 N.W.2d 332. Constitutionality is presumed and the

391

challenger has the burden to show otherwise beyond a reasonable doubt. *See id.*

¶ 15. Sheboygan Falls argues that "[i]t is deprived of [the right of subrogation] if Staci Schwittay is allowed to make her claim for uninsured motorist benefits for six years and Sheboygan Falls has only three years to file a claim against Patrick Shaw." But Sheboygan Falls' statement of its injury does not jibe with the facts of this case. Schwittay's uninsured motorist action was commenced on May 17, 1999, *before* the expiration of the three-year statute of limitation governing Sheboygan Falls' subrogation claim. Sheboygan Falls had some fifty remaining days thereafter to timely file its subrogation claim against Shaw. It did not do so. Instead, it waited until November 2, 1999, to file its action. Therefore, the application of the three-year statute of limitations governing subrogation actions did not occasion any actual or threatened injury to Sheboygan Falls under the facts of this case.

■

¶ 16. A litigant has standing to raise a constitutional question when "[the] party has a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy. . . . Wisconsin employs a two-step standing analysis. The analysis requires the court to determine (1) whether the plaintiff has suffered a threatened or actual injury, and (2) whether the interest asserted is recognized by law." *Norquist v. Zeuske*, 211 Wis. 2d 241, 247–48, 564 N.W.2d 748 (1997) (citations omitted). As the procedural history of this case reveals, Sheboygan Falls incurred no actual or threatened constitutional injury. Sheboygan Falls implicitly acknowledges this by arguing for a constitutional violation under hypothetical

facts. On this threshold basis, we reject Sheboygan Falls' constitutional challenge.[3]

¶ 17. As its final argument, Sheboygan Falls argues that the trial court should not have dismissed its indemnification claim because the statute of limitations for such a claim is six years under the "catchall"

---

[3] We appreciate that Shaw does not argue on appeal that Sheboygan Falls does not have standing to raise its constitutional complaint. But implicit in every constitutional challenge is the presumption that the challenging party has suffered, or will suffer, a constitutional injury. As such, standing is very much a part and parcel of any constitutional challenge. Therefore, we conclude that, in a given case, we may satisfy ourselves that the challenging party is truly in constitutional jeopardy. This is especially appropriate given our de novo standard of review. *Bethke v. Lauderdale of La Crosse, Inc.*, 2000 WI App 107, ¶ 15, 235 Wis. 2d 103, 612 N.W.2d 332. This also assures that we do not decide a constitutional issue unless it is essential to the determination of the case before us. *See Kollasch v. Adamany*, 104 Wis. 2d 552, 561, 313 N.W.2d 47 (1981).

We also observe that Sheboygan Falls arguably waived its constitutional issue by failing to raise it with sufficient prominence in the trial court. Sheboygan Falls' trial court brief in opposition to Shaw's motion to dismiss did not raise any constitutional argument. And in its oral argument on the motion, Sheboygan Falls' attorney uttered the word "unconstitutional" but once. That undoubtedly explains why the trial court's response to this utterance was but one sentence of an otherwise detailed bench decision. A party must raise an issue with sufficient prominence such that the trial court understands that it is called upon to make a ruling. *See State v. Salter*, 118 Wis. 2d 67, 78–79, 346 N.W.2d 318 (Ct. App. 1984). Because Sheboygan Falls introduced this issue into the trial court proceedings in such an oblique manner, we conclude that we are all the more entitled to assure ourselves that it has standing to raise this issue.

provisions of WIS. STAT. § 893.93(1)(a). But, the insurer's right to indemnity is fixed solely by its subrogation rights. *Jones*, 218 Wis. 2d at 793; *see also Great Am. Ins. Co. v. U.S.*, 575 F.2d 1031, 1034 (2nd Cir. 1978). Since we have already held that Sheboygan Falls missed the three-year statute of limitations deadline for a subrogation action, we uphold the trial court's additional dismissal of the indemnification claim.

### *Conclusion*

¶ 18. We hold that Sheboygan Falls' claim was subject to the three-year statute of limitations governing subrogation actions and that its subrogation action was untimely under this test. We also hold that the trial court's application of the statutes and existing case law did not unconstitutionally deprive Sheboygan Falls of its right to a remedy under article I, section 9 of the Wisconsin Constitution. Finally, we hold that the trial court properly dismissed all of Sheboygan Falls' claims, including the indemnification claim.

*By the Court.*—Order affirmed.