# COURT OF APPEALS OF WISCONSIN
## PUBLISHED OPINION

Case No.:            2019AP289

Complete Title of Case:

> **JACQUELINE NOOYEN, INDIVIDUALLY AND AS SPECIAL ADMINISTRATOR OF THE ESTATE OF NORBERT NOOYEN,**
>
> > **PLAINTIFF-APPELLANT,**
>
> **V.**
>
> **WISCONSIN ELECTRIC POWER COMPANY, MADISON GAS AND ELECTRIC CO., WISCONSIN POWER & LIGHT COMPANY AND WISCONSIN PUBLIC SERVICE CORPORATION,**
>
> > **DEFENDANTS-RESPONDENTS.**

| | |
|---|---|
| Opinion Filed: | January 22, 2020 |
| Submitted on Briefs: | December 10, 2019 |
| Oral Argument: | |

| | |
|---|---|
| JUDGES: | Stark, P.J., Hruz and Seidl, JJ. |
| Concurred: | |
| Dissented: | |

| | |
|---|---|
| Appellant ATTORNEYS: | On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Robert G. McCoy* of *Cascino Vaughn Law Offices*, Chicago, Illinois. |
| Respondent ATTORNEYS: | On behalf of the defendants-respondents, the cause was submitted on the brief of *James A. Niquet, Travis J. Rhoades and William E. Keeler, III*, of *Crivello Carlson S.C.*, Milwaukee. |

**COURT OF APPEALS
DECISION
DATED AND FILED**

**January 22, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2019AP289**

**STATE OF WISCONSIN**

Cir. Ct. No. 2017CV1107

**IN COURT OF APPEALS**

---

JACQUELINE NOOYEN, INDIVIDUALLY AND AS SPECIAL
ADMINISTRATOR OF THE ESTATE OF NORBERT NOOYEN,

PLAINTIFF-APPELLANT,

V.

WISCONSIN ELECTRIC POWER COMPANY, MADISON GAS AND
ELECTRIC CO., WISCONSIN POWER & LIGHT COMPANY AND
WISCONSIN PUBLIC SERVICE CORPORATION,

DEFENDANTS-RESPONDENTS.

---

APPEAL from a judgment of the circuit court for Brown County: WILLIAM M. ATKINSON, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Seidl, JJ.

¶1 STARK, P.J. Jacqueline Nooyen, individually and as special administrator of the Estate of Norbert Nooyen, appeals a grant of summary

judgment that dismissed her claims against Wisconsin Electric Power Company, Madison Gas and Electric Company, Wisconsin Power & Light Company, and Wisconsin Public Service Corporation (collectively, "the Utilities") for violations of the safe place statute, WIS. STAT. § 101.11 (2015-16).[1]  Jacqueline claims that her husband, Norbert, developed mesothelioma as a result of being exposed to airborne asbestos between 1970 and 1973 during the construction of two power plants that were owned by the Utilities.

¶2     The circuit court granted the Utilities summary judgment, concluding Jacqueline's claims were barred by WIS. STAT. § 893.89, the ten-year statute of repose for injuries resulting from improvements to real property (hereinafter, "the construction statute of repose").[2]  We agree with that conclusion. The undisputed facts establish that Norbert's injuries were the result of a structural defect, rather than an unsafe condition associated with the structure.  Accordingly, under *Mair v. Trollhaugen Ski Resort*, 2006 WI 61, 291 Wis. 2d 132, 715 N.W.2d 598, the construction statute of repose bars Jacqueline's claims.  We reject Jacqueline's argument that applying the construction statute of repose in this case improperly bars her claims retroactively, and we also reject her assertion that applying the statute here violates her constitutional right to a remedy.  We therefore affirm.

---

[1] All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

[2] WISCONSIN STAT. § 893.89 was amended in 2018 to shorten the exposure period from ten to seven years. *See* 2017 Wis. Act 235, § 27.  Norbert was diagnosed with mesothelioma in December 2016, and the instant lawsuit was filed in February 2017.  It is undisputed that, under these circumstances, the applicable version of § 893.89 is the 2015-16 version containing the ten-year exposure period.

## BACKGROUND

¶3 The following facts are undisputed, for purposes of this appeal. Norbert was a career pipefitter. In that capacity, he was involved in the original construction of two nuclear power plants: the Point Beach Nuclear Power Plant and the Kewaunee Power Station.

¶4 Norbert was employed by construction contractor Bechtel Corporation at the Point Beach plant for approximately two years, beginning in October or November 1970. The Point Beach plant was owned by a subsidiary of Wisconsin Electric Power Company. Norbert was employed by contractor Phillips Getschow at the Kewaunee plant from 1971 to 1973. The Kewaunee plant was jointly owned by Madison Gas and Electric Company, Wisconsin Power & Light Company, and Wisconsin Public Service Corporation.

¶5 On December 2, 2016, Norbert was diagnosed with mesothelioma. On February 10, 2017, the Nooyens filed a complaint in the Milwaukee County Circuit Court, alleging that Norbert's mesothelioma was caused by his exposure to airborne asbestos fibers during the time he worked at the Point Beach and Kewaunee plants. The Nooyens' complaint also alleged the Utilities were aware that airborne asbestos was present during the construction of the Point Beach and Kewaunee plants and "knew or should have known of the health hazards of asbestos." The Nooyens therefore asserted that the Utilities had violated their duty to Norbert under the safe place statute by: failing to adequately warn him of the dangers of asbestos exposure; failing to adequately instruct him about safety precautions for asbestos exposure; failing to establish adequate safety measures to protect him from asbestos exposure; failing to adequately test for asbestos; employing contractors that failed to take reasonable precautions against the danger

posed by asbestos; allowing the use of products containing asbestos; and failing to assign or hire personnel qualified to recognize, evaluate, and control asbestos exposure.

¶6 Venue for the Nooyens' lawsuit was subsequently transferred to Brown County, on the Utilities' motion. Norbert died from mesothelioma on July 19, 2018. In October 2018, the Utilities moved for summary judgment, arguing the Nooyens' safe place claims were barred by the construction statute of repose. In December 2018, the circuit court issued a written decision granting the Utilities' summary judgment motion.

¶7 Thereafter, the circuit court allowed Jacqueline to file an amended complaint substituting herself for Norbert as plaintiff in her capacity as special administrator of his estate. The court subsequently entered a final judgment dismissing Jacqueline's claims against the Utilities, and Jacqueline now appeals.

## STANDARDS OF REVIEW

¶8 We independently review a grant of summary judgment, using the same methodology as the circuit court. *Hardy v. Hoefferle*, 2007 WI App 264, ¶6, 306 Wis. 2d 513, 743 N.W.2d 843. Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2).

¶9 Statutory interpretation and application also present questions of law for our independent review. *See McNeil v. Hansen*, 2007 WI 56, ¶7, 300 Wis. 2d 358, 731 N.W.2d 273. In addition, we independently review the issue of whether

a statute may be applied retroactively to a particular set of facts. *Overlook Farms Home Ass'n, Inc. v. Alternative Living Servs.*, 143 Wis. 2d 485, 492, 422 N.W.2d 131 (Ct. App. 1988). Finally, whether a statute violates a party's constitutional right to a remedy is a question of law that we review independently. *Schwittay v. Sheboygan Falls Mut. Ins. Co.*, 2001 WI App 140, ¶14, 246 Wis. 2d 385, 630 N.W.2d 772.

## DISCUSSION

### I.  Application of the construction statute of repose

¶10  Determining whether the construction statute of repose bars Jacqueline's claims requires us to analyze the interplay between that statute and the safe place statute. The safe place statute "is a negligence statute that imposes a heightened duty on employers and owners of places of employment and public buildings to construct, repair, or maintain buildings safely." *Mair*, 291 Wis. 2d 132, ¶19. The statute provides, in relevant part:

> Every employer shall furnish employment which shall be safe for the employees therein and shall furnish a place of employment which shall be safe for employees therein and for frequenters thereof and shall furnish and use safety devices and safeguards, and shall adopt and use methods and processes reasonably adequate to render such employment and places of employment safe, and shall do every other thing reasonably necessary to protect the life, health, safety, and welfare of such employees and frequenters. Every employer and every owner of a place of employment or a public building now or hereafter constructed shall so construct, repair or maintain such place of employment or public building as to render the same safe.

WIS. STAT. § 101.11(1).

¶11   The circuit court determined Jacqueline's safe place claims were barred by the construction statute of repose, WIS. STAT. § 893.89.   The construction statute of repose sets forth "the time period during which an action for injury resulting from improvements to real property must be brought."[3]  ***Kohn v. Darlington Cmty. Sch.***, 2005 WI 99, ¶13, 283 Wis. 2d 1, 698 N.W.2d 794.  As relevant here, the statute provides that

> no cause of action may accrue and no action may be commenced … against the owner or occupier of the property or against any person involved in the improvement to real property after the end of the exposure period, to recover damages … for any injury to the person, or for wrongful death, arising out of any deficiency or defect in the design, land surveying, planning, supervision or observation of construction of, the construction of, or the furnishing of materials for, the improvement to real property.

Sec. 893.89(2).  "Exposure period" means "the 10 years immediately following the date of substantial completion of the improvement to real property."  Sec. 893.89(1).

¶12   Our supreme court addressed the interplay between the safe place statute and the construction statute of repose in ***Mair***.  Based on a "plain reading of the statute," the court held that the construction statute of repose "bars safe place claims resulting from injuries caused by structural defects, but not by unsafe conditions associated with the structure, beginning ten years after a structure is substantially completed."  ***Mair***, 291 Wis. 2d 132, ¶29.  In this case, it is undisputed that Jacqueline's safe place claims against the Utilities were filed more

---

[3] The parties have stipulated that the Kewaunee and Point Beach power plants are improvements to real property, as that term is used in WIS. STAT. § 893.89.

than ten years after both the Kewaunee and Point Beach power plants were substantially completed. Thus, the crucial inquiry for purposes of determining whether the construction statute of repose applies is whether the safe place claims resulted from an injury caused by a structural defect or by an unsafe condition associated with the structure.[4]

¶13 A structural defect is "a hazardous condition inherent in the structure by reason of its design or construction." *Id.*, ¶22 (quoting *Barry v. Employers Mut. Cas. Co.*, 2001 WI 101, ¶28, 245 Wis. 2d 560, 630 N.W.2d 517). It arises from a breach of the duty to construct a safe building. *Id.* Stated differently, "[a] defect is structural if it arises 'by reason of the materials used in construction or from improper layout or construction.'" *Barry*, 245 Wis. 2d 560, ¶28 (citation omitted).

---

[4] The Utilities argue the "plain language" of the construction statute of repose "protects [them] from [Jacqueline's] claims" regardless of whether those claims arose from an injury caused by a structural defect or an unsafe condition associated with the structure. In support of this assertion, they cite *Kohn v. Darlington Community Schools*, 2005 WI 99, ¶71, 283 Wis. 2d 1, 698 N.W.2d 794, in which our supreme court stated "the purpose of the [construction statute of repose] is to protect individuals from liability based upon the actions that occur during *their involvement in improving the property*." The Utilities argue that because they were involved in improving the Kewaunee and Point Beach power plants, the construction statute of repose necessarily protects them "from claims for injury based on their actions during those construction projects."

The Utilities' argument in this regard ignores *Mair v. Trollhaugen Ski Resort*, 2006 WI 61, 291 Wis. 2d 132, 715 N.W.2d 598, which our supreme court issued after *Kohn*. As discussed above, the *Mair* court expressly addressed the interplay between the construction statute of repose and the safe place statute, and it held that the statute of repose bars safe place claims arising from injuries caused by structural defects, but not by unsafe conditions associated with the structure. *Mair*, 291 Wis. 2d 132, ¶29. We are not free to disregard that holding. *See Cook v. Cook*, 208 Wis. 2d 166, 189, 560 N.W.2d 246 (1997). Moreover, unlike *Mair*, *Kohn* did not address the application of the construction statute of repose to a claim brought under the safe place statute. We therefore use the *Mair* analysis to determine whether the construction statute of repose bars Jacqueline's safe place claims.

¶14    An unsafe condition associated with the structure, in turn, arises from "the failure to keep an originally safe structure in proper repair or properly maintained." *Id.*, ¶27. Such conditions arise from "a breach of the statutory duty to repair or maintain the property and generally involve the structure falling into disrepair or not being maintained in a safe manner." *Mair*, 291 Wis. 2d 132, ¶23.

¶15    The undisputed facts of this case establish that Jacqueline's safe place claims are the result of an injury caused by a structural defect, rather than an unsafe condition associated with the structure. For purposes of the Utilities' summary judgment motion, the parties stipulated that Norbert's alleged exposure to airborne asbestos occurred during the original construction of the Kewaunee and Point Beach power plants. Specifically, Jacqueline contends that during the original construction of the power plants, "asbestos fibers were released during normal installation practices which required cutting and handling of thermal insulation materials." Jacqueline does not allege that the asbestos was properly installed but then became unsafe over time because it was not appropriately repaired or maintained. Instead, it is the original construction process that she contends caused Norbert's injury.

¶16    These undisputed facts establish that Norbert's injury arose "by reason of the materials used in construction or from improper … construction." *See Barry*, 245 Wis. 2d 560, ¶28 (citation omitted). In other words, the presence of airborne asbestos during the original construction of the power plants was "a hazardous condition inherent in [those structures] by reason of [their] design or construction." *See id.* Norbert's injury was not caused by "the failure to keep an

originally safe structure in proper repair or properly maintained." *See id.*, ¶27. Jacqueline's safe place claims are therefore based on an injury caused by a structural defect, rather than an unsafe condition associated with the structure.[5]

¶17    Jacqueline contends this court previously held in *Viola v. Wisconsin Electric Power Co.*, 2014 WI App 5, 352 Wis. 2d 541, 842 N.W.2d 515 (2013), and *Calewarts v. CR Meyer & Sons Co.*, No. 2011AP1414, unpublished slip op. (July 3, 2012), that "airborne asbestos" is an unsafe condition associated with the structure.  However, *Viola* and *Calewarts* are distinguishable because in both of those cases the plaintiffs were exposed to airborne asbestos as a result of repair or maintenance work on pipes covered with asbestos insulation.  *Viola*, 352 Wis. 2d 541, ¶25; *Calewarts*, No. 2011AP1414, ¶¶5-7.  Stated differently, in *Viola* and *Calewarts*, it was the "regular maintenance and/or repair of the premises" after their construction that caused asbestos insulation to be disturbed and therefore created the unsafe conditions that caused the plaintiffs' injuries.  *See Viola*, 532 Wis. 2d 541, ¶21.  As discussed above, Jacqueline alleges that Norbert was exposed to airborne asbestos during the original construction of the Kewaunee and Point Beach power plants, rather than during any subsequent repair or maintenance work on those structures.  The construction statute of repose bars her claims under these circumstances.

---

[5] In her reply brief, Jacqueline argues *Dykstra v. Arthur G. McKee & Co.*, 92 Wis. 2d 17, 284 N.W.2d 692 (Ct. App. 1979), *aff'd*, 100 Wis. 2d 120, 301 N.W.2d 201 (1981), stands for the proposition that the safe place statute "covers unsafe workplace conditions which exist during original construction of a building."  However, *Dykstra* did not involve the application of the construction statute of repose and did not analyze whether the alleged injury was caused by a structural defect or by an unsafe condition associated with the structure.  Jacqueline's reliance on *Dykstra* is therefore misplaced.

¶18   In the alternative, Jacqueline argues the construction statute of repose does not bar her claims because the "maintenance" exception in WIS. STAT. § 893.89(4)(c) is applicable.  That exception provides that the construction statute of repose "does not apply to … [a]n owner or occupier of real property for damages resulting from negligence in the maintenance, operation or inspection of an improvement to real property."  Sec. 893.89(4)(c).  Jacqueline suggests this exception applies because the Utilities failed to "maintain a safe workplace" during the original construction of the power plants.

¶19   Jacqueline's argument regarding the maintenance exception is contrary to the plain language of the statute, which limits the exception to actions "for damages resulting from negligence in the maintenance … *of an improvement to real property*."  *Id.* (emphasis added).  By its plain language, the maintenance exception applies when damages occur as the result of an owner or occupier's failure to maintain the improvement itself, not when the owner or occupier has failed to maintain a safe workplace.  As discussed above, Jacqueline's safe place claims are not premised on any allegation that the Utilities negligently maintained the Kewaunee and Point Beach power plants; rather, she alleges negligence in the original construction of those structures.  The maintenance exception is therefore inapplicable.[6]

---

[6] In *Mair*, our supreme court noted that "a failure to 'maintain'"—as that term is used in WIS. STAT. § 893.89(4)(c)—"correlates to an unsafe condition associated with the structure." *Mair*, 291 Wis. 2d 132, ¶29.  Thus, our conclusion that the "maintenance" exception does not apply in this case is consistent with our conclusion that Norbert's injury was not caused by an unsafe condition associated with the structure.

¶20 Jacqueline also argues the construction statute of repose should not be interpreted to bar her safe place claims because the legislature has recently "embraced a public policy to preserve rights of latent disease victims to recover until diagnosis." In support of this assertion, she observes that the legislature enacted a new products liability statute in 2011 containing a fifteen-year statute of repose, but the legislature included an exception to that time limit for any action "based on a claim for damages caused by a latent disease." *See* WIS. STAT. § 895.047; 2011 Wis. Act 2, § 31. The fact that the legislature has adopted a latent disease exception to the products liability statute of repose actually undercuts Jacqueline's position, however, as the legislature has not amended the construction statute of repose to include a similar exception.

¶21 Ultimately, because the undisputed facts establish that Norbert's injury was caused by a structural defect, rather than an unsafe condition associated with the structure, we agree with the circuit court that the construction statute of repose bars Jacqueline's safe place claims. We therefore turn to Jacqueline's alternative arguments that even if Norbert's injury was caused by a structural defect, the court should not have granted summary judgment in favor of the Utilities.

## II. Retroactivity

¶22 Jacqueline first contends that the construction statute of repose should not be applied in this case because doing so improperly bars her claims retroactively. She observes that during the time period in which Norbert was allegedly exposed to asbestos—i.e., 1970 to 1973—the construction statute of repose did not provide any protection for owners of improvements to real property. *See* WIS. STAT. § 893.155 (1973-74). She further observes that the

construction statute of repose first provided protection for owners after it was repealed and recreated in 1994—over twenty years after Norbert's exposure to asbestos occurred. *See* 1993 Wis. Act 309. She then asserts that the 1994 version of the statute "contains no retroactivity provision relating back to the date of the wrongful conduct," and, as a result, we must presume that the statute was not intended to apply retroactively. *See **United States Fire Ins. Co. v. E. D. Wesley Co.***, 105 Wis. 2d 305, 319, 313 N.W.2d 833 (1982) (stating the "general rule in Wisconsin" is that legislation is presumptively prospective unless the statutory language clearly reveals an intent that the statute apply retroactively).

¶23    We reject Jacqueline's argument because the undisputed facts show that the circuit court did not, in fact, retroactively apply the construction statute of repose to her claims. As this court has previously recognized, a plaintiff alleging that he or she developed mesothelioma as a result of exposure to asbestos does not have a legally cognizable claim until he or she is actually diagnosed. *See **Peter v. Sprinkmann Sons Corp.***, 2015 WI App 17, ¶14, 360 Wis. 2d 411, 860 N.W.2d 308. Here, although Norbert was allegedly exposed to asbestos between 1970 and 1973, he was not diagnosed with mesothelioma until 2016 and therefore did not have a "claim" against the Utilities until that time. Accordingly, the circuit court did not retroactively apply the 2015-16 version of the statute of repose to bar Jacqueline's claims; instead, it applied the version of the statute that was in effect when those claims came into existence in 2016 at the time of Norbert's diagnosis.

¶24    In addition, Jacqueline's retroactivity argument ignores the plain language of WIS. STAT. § 893.89, which clearly shows that the legislature intended the statute to apply to claims—like hers—that arose after the statute was repealed and recreated in 1994. The statute expressly states: "Except as provided in sub. (4), this section applies to improvements to real property substantially

completed before, on or after April 29, 1994." Sec. 893.89(5). This language evinces a clear legislative intent that the statute should apply to improvements to real property—like the Kewaunee and Point Beach power plants—that were completed before April 29, 1994.

¶25 Subsection (4)(d), in turn, states that the statute "does not apply to … [d]amages that were sustained before April 29, 1994." WIS. STAT. § 893.89(4)(d). We have previously held that the term "damages" in subsec. (4)(d) "means a legally cognizable claim for injuries or a compensable right to recover for injuries." *Peter*, 360 Wis. 2d 411, ¶14. The term does not mean a "physical injury," such as the "inhalation of asbestos fibers during exposure." *Id.*, ¶¶12, 15. We therefore concluded in *Peter* that the exception in subsec. (4)(d) did not apply to the plaintiff's claim because although the plaintiff's father had been exposed to asbestos before April 29, 1994, there was no legally cognizable claim based on that injury until his father was diagnosed with mesothelioma in 2012. *Id.*, ¶¶2, 14. Similarly, the exception does not apply in this case because although Norbert was exposed to asbestos between 1970 and 1973, he did not have a legally cognizable claim until he was diagnosed with mesothelioma in 2016.

¶26 Accordingly, the plain language of WIS. STAT. § 893.89 confirms that the legislature intended the statute to apply to claims, like Jacqueline's, where the exposure at issue took place during construction occurring before 1994, but the claim based upon that exposure arose after the statute was repealed and recreated in 1994. We therefore reject Jacqueline's argument that the circuit court improperly applied the statute retroactively in order to bar her claims.

### III.    Constitutional right to a remedy

¶27    Jacqueline next argues that if the construction statute of repose bars her safe place claims, the statute is unconstitutional as applied to her because it violates her constitutional right to a remedy.  She cites article I, section 9 of the Wisconsin Constitution, which provides:

> Every person is entitled to a certain remedy in the laws for all injuries, or wrongs which he may receive in his person, property, or character; he ought to obtain justice freely, and without being obliged to purchase it, completely and without denial, promptly and without delay, conformably to the laws.

Jacqueline asserts the "certain remedy" required by article I, section 9 entitles her to a "day in court."  She argues that interpreting the construction statute of repose to bar her claims would deny a day in court both to her and to "all victims of the asbestos disease process due to the latency period for the disease exceeding the 10 year [exposure] period."

¶28    Jacqueline's argument is foreclosed by our supreme court's decision in **Kohn**.   There, Lori Kohn was injured at a school sporting event in September 2000 when she fell through a gap in bleachers that had been constructed in 1969.  **Kohn**, 283 Wis. 2d 1, ¶¶2-3.  On appeal, our supreme court concluded the construction statute of repose barred the Kohns' claims against ITW—the company that sold the bleachers to the school and supervised their construction.  *Id.*, ¶3 & n.1, ¶81.

¶29    In so doing, the court specifically rejected the Kohns' claim that application of the construction statute of repose violated their constitutional right to a remedy.  The court observed that article I, section 9 of the Wisconsin Constitution "confers no legal rights" and instead "applies only when a

prospective litigant seeks a remedy for an already existing right." ***Id.***, ¶37 (emphasis and citations omitted).  The court explained:

> A statute of repose "limits the time period within which an action may be brought based on date of the act or omission."  A statute of repose may therefore bar an action before the injury is discovered or before the injury even occurs.  "[B]y definition, a statute of repose cuts off a right of action regardless of the time of accrual."  As such, when the legislature enacts a statute of repose, it "expressly cho[o]se[s] not to recognize rights after the conclusion of the repose period[ ]."  In other words, a statute of repose does not merely extinguish a party's remedy, it extinguishes the right of recovery altogether.  Therefore, statutes of repose do not violate the right to remedy provision of Article I, Section 9 because any right of recovery is extinguished at the end of the repose period and the right for which the litigant seeks a remedy no longer exists.

***Id.***, ¶38 (citations omitted).

¶30      Applying the above analysis to the Kohns' case, the supreme court noted that the bleachers were substantially completed in 1969, and the "repose period" for purposes of WIS. STAT. § 893.89 therefore ended in 1979.  ***Kohn***, 283 Wis. 2d 1, ¶39.  The court reasoned:

> As such, as of 1979, the Kohns possessed no right of recovery against ITW.  Therefore, because Article I, Section 9 guarantees a remedy only for existing rights, and the Kohns possessed no right of recovery when they brought their action against ITW, § 893.89 does not violate the constitutional guarantee in Article I, Section 9.

***Kohn***, 283 Wis. 2d 1, ¶39.

¶31      The same analysis is applicable here.  In this case, Jacqueline did not have a claim against the Utilities until Norbert was diagnosed with mesothelioma in 2016.  It is undisputed that at that point, the ten-year exposure period set forth in WIS. STAT. § 893.89 had long since elapsed.  Thus, because article I, section 9

guarantees a remedy only for existing rights, and because Jacqueline possessed no right of recovery at the time she commenced this lawsuit, applying § 893.89 to bar her claims does not violate her constitutional right to a remedy. It is immaterial that, because of mesothelioma's long latency period, Norbert did not become aware of his injury until 2016. As the *Kohn* court observed, a statute of repose "may … bar an action before the injury is discovered or before the injury even occurs." *Kohn*, 283 Wis. 2d 1, ¶38. The legislature's policy decision to bar claims under those circumstances does not violate a party's constitutional right to a remedy. *See id.*, ¶¶41-43.

*By the Court.*—Judgment affirmed.